UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

DWAYNE SALMON and                                          Case No. DK 13-08429
DEBORAH SALMON,                                            Hon. Scott W. Dales
                                                           Chapter 7

            Debtors.
_____/

CITY OF KENTWOOD,

            Plaintiff,                                     Adversary Proceeding
                                                           No. 14-80016
v.

DEBORAH SALMON,

            Defendant.
_____/

OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

While working in the Recreation Department of the City of Kentwood (the "City"), Deborah Salmon embezzled from her employer at least $331,289.86 consisting of improper refunds and unauthorized cash transfers which she made to herself. After the City discovered the embezzlement, it initiated criminal proceedings resulting in a judgment of conviction and an order of restitution directing Ms. Salmon to repay the funds. Several months after her conviction and while remaining incarcerated, Ms. Salmon commenced voluntary bankruptcy proceedings under chapter 7. The City timely filed a complaint to except from discharge its claim against Ms. Salmon under 11 U.S.C. § 523(a)(4), (a)(6), and (a)(7). On December 2, 2013, the Kent

County Circuit Court entered a restitution order against Ms. Salmon on account of the embezzlement (the "Restitution Order").

Ms. Salmon answered the complaint without the assistance of counsel and participated by telephone in a pretrial conference. During the pretrial conference, she conceded the embezzlement and the City's right to except the claim from discharge, but she expressed concern about the possibility of double recovery given the subrogation rights that the City's insurance carrier may have against her. Pursuant to the court's Pretrial Order dated April 23, 2014, the City has moved for summary judgment (the "Motion," DN 14). Ms. Salmon has not opposed the Motion.

The court has carefully considered the Motion and the docket, and has determined to grant the Motion and declare that the debt represented by the Restitution Order should be excepted from discharge.

The court has jurisdiction over Ms. Salmon's bankruptcy case pursuant to 28 U.S.C. § 1334(a), and this adversary proceeding is related to the bankruptcy case within the meaning of 28 U.S.C. § 157(b)(2)(I). The United States District Court has referred the bankruptcy case and this adversary proceeding to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and LCivR 83.2(a) (W.D. Mich.). As the parties agreed during the pretrial conference, there is no controversy regarding the court's authority to enter final judgment resolving their dispute, notwithstanding the constitutional concerns expressed in *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011).

A summary judgment is appropriate when the court finds that there is no genuine issue as to any material fact in the adversary proceeding, and that the moving party is entitled to relief as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *McCafferty v. McCafferty,*

*(In re McCafferty)*, 96 F.3d 192, 195 (6th Cir. 1996); Fed R. Civ. P. 56(a).  As the parties agreed during the pretrial conference, and as is evident from Ms. Salmon's failure to oppose the Motion, there are no genuine issues of material fact.

The question is simply whether the Restitution Order should be excepted from discharge under the provisions of § 523(a).

The Restitution Order certainly comes within § 523(a)(4), one of the provisions upon which the City of Kentwood relies.  Specifically, the undisputed facts establish that Ms. Salmon embezzled from her employer the refunds and proceeds of cash transfers that were entrusted to her care as an employee.  It is also clear that the City had a superior right to the funds and that Ms. Salmon obviously and intentionally interfered with that right by misappropriating them.  11 U.S.C. § 523(a)(6).  The court finds no genuine issue as to any material facts and the City is entitled to declaratory relief establishing that the debt represented by the Restitution Order is excepted from discharge.  For these reasons, the court has no difficulty concluding that the debt represented by the City of Kentwood's Restitution Order should be excepted from discharge pursuant to § 523(a)(4) and (a)(6).[1]

In its Motion, the City acknowledged that, given the existence of the Restitution Order, it does not need this court to declare or liquidate the amount of the debt:  that function has already been performed by the criminal court in an order entitled to full faith and credit under 28 U.S.C. § 1738.  For that reason, therefore, the court's decision today will be declaratory in nature only; for collection rights, the City must rely on the Restitution Order and the state laws governing enforcement of that order.

---

[1] The court need not decide whether or to what extent § 523(a)(7) provides an additional basis for relief as the City requests, but notes that that subsection applies only to "a fine, penalty, or forfeiture" that "is not compensation for actual pecuniary loss . . ."  11 U.S.C. § 523(a)(7).

In granting the Motion, the court does not intend to authorize any duplicate recovery between the City and its insurance carrier who has separately sued Ms. Salmon. *See Michigan Municipal League Liability and Property Pool v. Salmon*, Adversary Proceeding No. 14-80025. If the court determines in the insurance carrier's adversary proceeding that it has a right to relief against Ms. Salmon because it paid a portion of the City of Kentwood's insurance claim, the court will take steps, at Ms. Salmon's request, to protect her from duplicate recovery. Today's order, however, simply declares that the debt represented by the Restitution Order falls outside the scope outside of her chapter 7 discharge.

The court will enter a separate judgment declaratory in nature granting the relief as provided herein.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter separate judgment consistent with this Opinion and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the City of Kentwood, the United States Trustee, James C. Komondy, Esq., and Deborah Salmon.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 24, 2014**



Scott W. Dales
United States Bankruptcy Judge